**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4959

EDWARD WAYNE MAYORGA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-97-38-F)

Argued: April 8, 1999

Decided: May 13, 1999

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. John Stuart Bruce, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee. **ON
BRIEF:** William Arthur Webb, Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas
B. Murphy, Assistant United States Attorney, Janet L. Mingin, Third
Year Law Student, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Wayne Mayorga appeals his conviction and sentence for theft or embezzlement from an employee benefit plan, see 18 U.S.C.A. § 664 (West Supp. 1999), arguing primarily that the district court erred in ordering restitution to individuals other than victims of the offense of conviction. We affirm in part, vacate in part, and remand.

I.

From March 1993 to December 1994, Mayorga's business, R&E Electronics ("R&E"), failed to remit employee contributions to its 401(k) plan in a timely manner and also failed to remit employer contributions to the plan. Additionally, in 1994, Mayorga misappropriated funds from R&E's employee medical plan.

Mayorga was charged with four counts of theft or embezzlement from an employee benefit plan. See 18 U.S.C.A. § 664. Pursuant to a plea agreement, Mayorga pled guilty to Count One of the indictment, which charged him with embezzling $31,105 from the medical plan, and the remaining charges--which addressed Mayorga's actions with respect to the 401(k) plan--were dismissed. The district court sentenced Mayorga to 30 months imprisonment and three years supervised release. The court also ordered payment of restitution pursuant to the Victim and Witness Protection Act (VWPA) of 1982, as amended, 18 U.S.C. §§ 3663-3664 (1994). Although the single victim of Mayorga's embezzlement from the medical plan suffered a loss of only $31,105, the district court found that Mayorga had agreed in his plea agreement to make restitution not only to victims of the offense of conviction, but also to victims of the other offenses charged in the indictment. Accordingly, the court ordered payment of $13,445.16 to victims of Mayorga's alleged 401(k) plan embezzlement in addition

2

to ordering payment of $31,105 in restitution to the victim of the medical plan embezzlement.

II.

Although Mayorga raises several allegations of error, only his contention that the district court erred in requiring him to pay restitution to individuals who were not victims of the offense of conviction warrants discussion.

The relevant portion of the VWPA states as follows:

> (a)(1) The court, when sentencing a defendant convicted of an offense under [Title 18] ..., may order, in addition to ... any other penalty authorized by law, that the defendant make restitution to any victim of such offense.
>
> (2) For the purposes of restitution, a victim of an offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.
>
> (3) The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.

18 U.S.C. § 3663(a)(1)-(3). This court has held that when, as here, the offense of conviction does not include "`as an element' a scheme, conspiracy, or pattern of criminal activity," the term "victim" in § 3663(a)(1) refers only to victims of the offense of conviction. United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996).

Although recognizing that Mayorga's offense of conviction--theft or embezzlement from an employee benefit plan--did not include a scheme, conspiracy, or pattern of criminal activity as an element, the district court ordered restitution to individuals who were not victims of the offense of conviction based upon the following language in Mayorga's plea agreement:

3

The Defendant agrees:

    a. To plead guilty to Count One of the Indictment herein.

    b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. § 3663.

J.A. 9. Although a defendant can agree to restitution beyond the limits of § 3663(a)(1) and (2), see 18 U.S.C.§ 3663(a)(3), here the language of the plea agreement is at best ambiguous concerning whether the parties intended that restitution could be awarded to victims of offenses other than the offense of conviction. And, since there is no extrinsic evidence of intent, the ambiguity must be resolved against the Government. See United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986). Therefore, the district court erred in ordering restitution to individuals who were not victims of the offense of conviction. While we do not favor this result, we are compelled to reach it because of the narrow language of the VWPA. See Blake, 81 F.3d at 506-07. The remedy to this restrictive language may be provided only by an amendment enacted by Congress. In the meantime, we note that properly drafted plea agreements may provide relief to those victims to whom the VWPA denies relief.

III.

After careful consideration, we conclude that Mayorga's remaining allegations of error are without merit. Accordingly, we affirm his conviction, sentence of imprisonment, and term of supervised release; vacate the restitution order; and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED